

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MARK E. RICHARDS,

    Petitioner,

v.                                     Civil Action No. 3:14CV715

HAROLD W. CLARKE, Director,

    Respondent.

**MEMORANDUM OPINION**

Petitioner, Mark E. Richards, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (hereinafter, "§ 2254 Petition," ECF No. 1). The matter is before the Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). Pursuant to Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts, this Court conducts a preliminary review of Richards's habeas petition.[1] The Magistrate Judge recommended dismissing the action. Richards filed objections. For the reasons that

---

[1] According to Rule 4 of the Rules Governing Section 2254 cases:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Rules Governing § 2254 Cases in U.S. District Courts, Rule 4.

follow Richards's Objections will be overruled and the action will be dismissed.

## I. BACKGROUND

The Magistrate Judge made the following findings and recommendations:

> In his § 2254 Petition, Richards demands federal habeas relief because "the Virginia Parole Board violated his due process rights when the Board found him not suitable for release on parole." (§ 2254 Pet. 2.) For the reasons set forth below, it is RECOMMENDED that the action be DISMISSED.
>
> **A. Procedural History and Summary of Richards's Claims**
>
> Richards has an extensive criminal record. See Richards v. Clarke, No. 3:12CV639, 2014 WL 693505, at *1 n.3, *2-4 (E.D. Va. Feb. 21, 2014). In 2013 and 2014, the Virginia Parole Board denied Richards release on discretionary parole because of, inter alia: his "[e]xtensive criminal record"; his "prior failure[s] and/or convictions while under community supervision indicate that [he is] unlikely to comply with conditions of release"; Richards's "record indicates a serious disregard for the property rights of others"; and, Richards's "record of institutional infractions indicates a disregard for rules and that [he is] not ready to conform to society." (Mem. Supp. § 2254 Pet. Attach. D, at 1; see id. Attach. E.) In his § 2254 Petition, Richards "claims that the Virginia Parole Board violated his due process rights when the Board found him not suitable for parole." (§ 2254 Pet. 2.)
>
> **B. Analysis**
>
> The Due Process Clause applies when government action deprives an individual of a legitimate liberty or property interest. See Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 569-70 (1972). Thus, the first step in analyzing a procedural due process

2

claim is to identify whether the alleged conduct affects a protected liberty or property interest. Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997) (citations omitted). Where government action impacts a protected liberty interest, the second step is to determine "what process is due" under the circumstances. Morrissey v. Brewer, 408 U.S. 471, 481 (1972) (observing that "due process is flexible . . . . not all situations calling for procedural safeguards call for the same kind of procedure").

A liberty interest may arise from the Constitution itself, or from state laws and policies. Wilkinson v. Austin, 545 U.S. 209, 220-21 (2005). "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979). "With no constitutional right to parole per se, federal courts recognize due process rights in an inmate only where the state has created a 'legitimate claim of entitlement' to some aspect of parole." Vann v. Angelone, 73 F.3d 519, 522 (4th Cir. 1996) (quoting Gaston v. Taylor, 946 F.2d 340, 344 (4th Cir. 1991)).

The United States Court of Appeals for the Fourth Circuit consistently has found the pertinent Virginia statutes fail to create a protected liberty interest in release on parole. See Burnette v. Fahey, 687 F.3d 171, 181 (4th Cir. 2012) (citing Gaston v. Taylor, 946 F.2d 340, 344 (4th Cir. 1991); Vann v. Angelone, 73 F.3d 519, 522 (4th Cir. 1996)). Virginia, however, has created a limited liberty interest in consideration for parole. Burnette v. Fahey, 3:10CV70, 2010 WL 4279403, at *8 (E.D. Va. Oct. 25, 2010); Burnette, 687 F.3d at 181. "'The question thus becomes what procedures are required under the Due Process Clause in [considering] an inmate for discretionary release on parole.'" Burnette, 2010 WL 4279403, at *8 (quoting Neal v. Fahey, No. 3:07cv374, 2008 WL 728892, at *2 (E.D. Va. Mar. 18, 2008)).

The Fourth Circuit has stated that the Constitution requires only a very limited amount of process in considering an inmate for parole. Specifically, "[a]t most, . . . parole authorities must furnish to the prisoner a statement of its reasons for denial of parole." Burnette, 687 F.3d at 181 (alteration and omission in original) (citation

3

> omitted) (internal quotation marks omitted). "So long as the statement provides a valid ground for denying parole, the federal courts cannot, under the guise of due process, demand more from the state." Burnette, 2010 WL 4279403, at *8 (citation omitted). Moreover, "where the denial of parole . . . rests on one constitutionally valid ground, the Board's consideration of an allegedly invalid ground would not violate a constitutional right." Bloodgood v. Garraghty, 783 F.2d 470, 475 (4th Cir. 1986) (citing Zant v. Stephens, 462 U.S. 862 (1983)).
>
> Here, the Virginia Parole Board provided Richards with a statement of its reasons for denying him parole. Richards's extensive criminal record and prior failures on community supervision provide legitimates bases for the Virginia Parole Board to deny Richards release on parole. Bloodgood, 783 F.2d at 475. In comparable circumstances, the Fourth Circuit has "concluded that the parole board gave constitutionally sufficient reasons when it informed the prisoner that he was denied parole release because of 'the seriousness of [his] crime' and his 'pattern of criminal conduct.'" Burnette, 2010 WL 4279403, at *8 (alteration in original) (quoting Bloodgood, 783 F.2d at 472, 474). Because Richards has received all of the process that the Constitution requires, he fails to state a basis for federal habeas corpus relief. Accordingly, it is RECOMMENDED that Richards's § 2254 Petition BE DISMISSED.

(Report and Recommendation entered April 27, 2015 (alterations in original).)

## II. STANDARD OF REVIEW FOR REPORT AND RECOMMENDATION

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing Mathews v. Weber, 423 U.S. 261, 270-71 (1976)).

4

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." Thomas v. Arn, 474 U.S. 140, 147 (1985). When reviewing the magistrate's recommendation, this Court "may also receive further evidence." 28 U.S.C. § 636(b)(1).

### III. RICHARDS'S OBJECTIONS

Richards asserts:

> The basis for Petitioner's objection is not whether he received notice of the reason for the denial of his discretionary parole but is that he did not receive fair consideration for parole suitability under Due Process of Law. Virginia parole statutes contemplate that Petitioner be conditionally released if some evidence indicates he is not an unsuitable risk to the public safety. See Franklin v. Shields, 569 F.2d 789-90 (4th Cir. 1977).

(Objs. 2.)

Richards's objection is utterly frivolous and simply ignores the controlling authority recited by the Magistrate Judge that reflects that he received all the process due to him when the Virginia Parole Board provided him with a statement of its reasons for denying him parole. See Burnette v. Fahey, 687 F.3d 171, 181 (4th Cir. 2012) (quoting Franklin v. Shields, 569

5

F.2d 784, 801 (4th Cir. 1978) (en banc)). Richards's objection will be overruled. The Report and Recommendation will be accepted and adopted. The action will be dismissed. The Court denies a certificate of appealability.

An appropriate Final Order will accompany this Memorandum Opinion.

Date: July 17, 2015
Richmond, Virginia

/s/ REP
Robert E. Payne
Senior United States District Judge